UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

Plaintiff,

vs.

Various cryptocurrency seized from
Binance user id 61886539 in the name
of [Person A],

Defendants *in rem*.

Claimants Identified in Schedule A,

Claimants

Civil No. 25-cv-12945
Honorable Judge: Gershwin A. Drain
Magistrate Judge: Elizabeth A. Stafford

**SCHEDULE A CLAIMANTS' REPLY IN SUPPORT OF CLAIMANT'S MOTION TO SEAL AND PROCEED UNDER PSEUDONYM AND BRIEF IN RESPONSE**

COMES NOW the Claimants identified in Schedule A ("Claimants"), by and through their undersigned counsel, hereby reply to the Government's Motion and reaffirm Claimants Motion to Seal and to proceed under pseudonym.

The *Porter* factors are a non-exhausted list of factors. The Court can exercise its discretion

1

to grant a motion to proceed under pseudonym under circumstances where there is a great need to protect victims, both to avoid revictimization and to encourage victims to continue reporting fraud to the necessary authorities. Furthermore, the United States will not be prejudced should Claimants' proceed under pseudonym as the United States received voluntarily produced, unredacted Verified Claim forms. Anonymization weighs in favor of Claimants' rights to privacy so other similarly situated victims will not be deterred from reporting similar crimes.

                              Respectfully Submitted,

                              By: */s/ Zack Glaza*
                              Zack Glaza
                              **Glaza Law**
                              MI Bar No. P80036
                              5970 St. James Dr.
                              West Bloomfield, MI 48322
                              zack@glazalaw.com
                              Phone: (248) 955-3803
                              Facsimile: (248) 206-5923

                -and-

                              Daniel J. Thornburgh *(Admission Forthcoming)*
                              FL Bar No. 0042661
                              **AYLSTOCK, WITKIN,**
                              **KREIS & OVERHOLTZ, PLLC**
                              Email: dthornburgh@awkolaw.com
                              17 East Main Street, Suite 200
                              Pensacola, FL 32502
                              Phone: (850) 202-1010
                              Facsimile: (850) 916-7449

                              *Attorneys for Claimants*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America

Civil No. 25-cv-12945
Honorable Judge: Gershwin A. Drain
Magistrate Judge: Elizabeth A. Stafford

Plaintiff,

vs.

Various cryptocurrency seized from
Binance user id 61886539 in the name
of [Person A],

Defendants *in rem*.

Claimants Identified in Schedule A,

Claimants

**BREIF IN SUPPORT OF SCHEDULE A CLAIMANTS' REPLY IN SUPPORT OF CLAIMANT'S MOTION TO SEAL AND PROCEED UNDER PSEUDONYM**

**I. BACKGROUND**

Plaintiff, the United States, filed a civil forfeiture complaint against specifically identified cryptocurrency defendants *in rem* on September 17, 2025. (ECF No. 1). The complaint seeks to forfeit the defendants *in rem* as proceeds traceable to wire fraud, proceeds obtained directly or indirectly from an offense against a foreign nation, or property used to facilitate such an offense,

3

and/or property involved in money laundering. (ECF No. 1 ¶ 9).

On December 2, 2025, Claimants filed claims asserting individual interest in the defendants *in rem*. (ECF No. 7). Each Claimant argues to have an interest in a portion of the defendants *in rem* as lawful owners and/or beneficiaries as Claimants fell victim to the scheme the Complaint describes. (*Id.* at 86). Claimants attached a motion to seal to their claim. (ECF No. 7). Realizing these motions required separate filings, on December 8, 2025, Claimants refiled their claim and motion to seal separately. (ECF Nos. 8 and 9).

Claimants' Motion to seal seeks the court's permission to (1) allow Claimants to appear in this action pseudonymously, identified by only their initials and the value, in United States Dollars, of their claim to the defendants *in rem* and (2) file each Claimant's verified claim under seal. (ECF No. 8 at 79). On December 30, 2025, Plaintiffs filed a response to Claimants Motion to seal opposing Claimants position. Plaintiffs argue that Claimants cannot demonstrate that their privacy interests substantially outweigh the presumption of open judicial proceedings.

Claimants reassert its position that failing to proceed under pseudonyms will create further harm to Claimants as victims of the crime Plaintiffs are endeavoring to prevent. Furthermore, Claimants have provided Plaintiffs with the unredacted, complete claim forms containing Claimants full names and contact information--necessary information for Plaintiffs to proceed with their case, preventing any prejudice against Plaintiffs.

## II. LEGAL ARGUMENT

Federal Rules of Civil Procedure require that federal lawsuits state the names of the parties. Fed. R. Civ. P. 10(a), 17(a)(1); *see also* Supplemental Rule G(5)(a)(i)(B). The court may grant an order allowing a party to proceed under a pseudonym. To obtain such an order, a party must show that their "privacy interests substantially outweigh the presumption of open judicial proceedings."

4

*Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

In *Porter*, the Sixth Circuit identified a non-exhaustive list of factors (the "*Porter* factors") that courts may consider in determining whether "special circumstances" exist to justify an exception to the rule, which include:

(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity;

(2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy;

(3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and

(4) whether the plaintiffs are children.

*Id.* (citing *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981) (internal quotation marks omitted); see also *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).

Courts can exercise its discretion to consider other factors that may be relevant in whether "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Porter*, 370 F.3d 558, 561 ("Several considerations determine whether a *plaintiff's* privacy interests substantially outweigh the presumption of open judicial proceedings.") (emphasis added). But some courts in this circuit have also applied these factors to parties seeking to intervene, such as Claimants. *See, e.g., Bd. of Educ. of the Highland Loc. Sch. Dist. v. U.S. Dep't of Educ.*, No. 2:16-CV-524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016); *Poe v. Lowe*, 756 F. Supp. 3d 537, 549 (M.D. Tenn. 2024).

The *Porter* factors are a non-exhausted list of factors. "Other factors that may be considered include whether the plaintiff would risk suffering injury if identified and whether the defendant would be prejudiced by the plaintiff's proceeding anonymously." *Doe v. Fedex Ground Package*

5

*Sys., Inc.*, Case No. 3:21-cv-00395, 2021 WL 5041286, at *5 (M.D. Tenn. Oct. 29, 2021) (internal citations omitted); *see also Doe v. Metro. Gov't of Nashville & Davidson Cnty.*, 694 F. Supp. 3d 1040, 1044 (M.D. Tenn. 2023)

Another compelling factor Courts in this circuit also acknowledge a potential chilling effect on other similarly situated plaintiffs. *Doe v. Streck*, NO. 3:20-cv-513, Reply in Support of Motion to Proceed Under Pseudonym, Doc. No. 12 (S.D. Ohio Jan. 27, 2021). In those instances, Courts hold that preventing "chilling" is designed to prevent the deterrence of other similarly situated persons from reporting crimes against them. *Doe v. Williams Bowers Mgmt. LLC*, No. 3:23-CV-00477, 2023 WL 12091154, at *6 (M.D. Tenn. Nov. 7, 2023) (quoting *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 71 (1st Cir. 2022)).

Preventing this chilling factor is the most compelling reason for this Court to grant Claimant's motion. Claimants, as victims of Pig Butchering financial scams, are subject to a high risk of revictimization should they reveal their information to the public. Furthermore, the United States will suffer no prejudice since the Claimant's names – already known to them – are not revealed to the public at large. Finally, anonymization weighs in favor of Claimants' rights to privacy so other similarly situated victims will not be deterred from reporting similar crimes.

### A. The United States Fails to Address the Serious Risk of Revictimization of Claimants Should Their Claims Proceed Without Anonymization

The United States' opposition has not adequately acknowledged the significant risk of revictimization that Claimants face if their identities are disclosed to the public. The United States even goes so far as to say that the Claimants "have [not] alleged they have face threats or attempted revictimization from others." The absence of protective measures exposing Claimants' identities places them at a heightened risk of further harm, given their status as victims in this matter. These victim claimants should not have to be revictimized again to receive the necessary protections

6

anonymization brings. This failure to recognize and address the potential for ongoing harm undermines the efforts this case is designed to prevent—the continued theft of cryptocurrency through illicit activity.

Generally, *Porter* requires "whether prosecution of the suit will compel the *plaintiffs* to disclose information of the utmost intimacy." *Porter*. This requirement has also been applied to victim-claimants. *Williams Bowers Mgmt. LLC*, No. 3:23-CV-00477, 2023 WL 12091154, at *6. Courts have determined "utmost intimacy" includes matters like religious beliefs, as well as rape and sexual assault, suicidal ideation and self-harm, and the fact of a prior, expunged conviction. *See Doe v. Dabbagh*, No. 15-CV-10724, 2015 WL 13806540, at *2 (E.D. Mich. May 28, 2015); *Doe v. Mechanicsburg Sch. Bd. of Educ.*, 518 F. Supp. 3d 1024, 1027 (S.D. Ohio 2021); *Doe I-VIII v. Sturdivant*, No. 06-10214, 2006 WL 8432896, at *2 (E.D. Mich. Apr. 7, 2006). Courts have rejected attempts to use concerns about employment prospects, financial embarrassment, or economic harm as grounds for anonymity under the "utmost intimacy" factor. See e.g. *Fedex Ground*, 2021 WL 5041286, at *5 (quoting *Ramsbottom v. Ashton*, Case No. 3:21-v-00272, 2021 WL 2651188, at *4 (M.D. Tenn. June 28, 2021)); *Metro. Gov't of Nashville & Davidson Cnty.*, 694 F. Supp. 3d at *1045.

An exception to this rule that Courts routinely recognize that protecting the identities of victims of crime serving the powerful public interest of encouraging victims to report crimes. *Mass. Inst. of Tech.*, 46 F.4th at *71 (quoting Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 132 Fed. Reg. 41390, 41453 (July 12, 2022)) (setting forth Department's tentative view that any unauthorized disclosure of Title IX proceedings may chill reporting of sex discrimination) (internal quotations omitted)). Courts in this circuit have confirmed that preventing this chilling effect on other similarly situated plaintiffs

7

is a compelling factor granting the ability to proceed under pseudonyms. *Williams Bowers Mgmt. LLC*, 2023 WL 12091154, at *6 (M.D. Tenn. Nov. 7, 2023) (quoting *Mass. Inst. of Tech.*, 46 F.4th at *71).

The cryptocurrency seized in this matter is "largely derived from an investment-fraud scam commonly referred to as 'pig butchering,' perpetrated on victims throughout the United States, including in the Eastern District of Michigan." (ECF No. 1 ¶ 24). As stated in their respective claims, each Claimant is a victim of pig butchering scams either involving use of the very same illegitimate platforms identified by the United States in this action.[1] The United States Secret Service ("Secret Service") explains that Pig Butchering is "a cryptocurrency scam which involves scammers gaining the trust of their potential victims and manipulating them into transferring funds to invest in fake cryptocurrency projects." United States Secret Service, Https://www.secretservice.gov/investigations/avoidscams January 2025 Tips for Avoiding Scams: Cryptocurrency Scams- Pig Butchering (2025), https://www.secretservice.gov/sites/default/files/reports/2025-01/Public-Alerts-2025-Cryptocurrency-Scams-Pig-Butchering.pdf (last visited Jan 8, 2026). Scammers will create compelling, fictitious personas to develop a trusting relationship with their potential victims. The Secret Service warns that "[s]cammers may also research publicly available details about their potential victims or people the victims know to create elaborate storylines to lure victims." *Id.* Secret Service cautions the public to guard their personal information, cautioning that "scammers will exploit personal details to entice you to share even more details about yourself, especially your *financial information*." *Id.* (emphasis added).

---

[1] Per the Complaint filed by the United States "Some of the domain-name iterations identified include: www.deribit-e.com; www.deribit-x.com; www.deribitexchange.net; www.deribitexin.site; www.mcus.me; www.toptankapp.com; and www.penzolead.com." (ECF No. 1 ¶ 27). Certain of the Schedule A Claimants fell victim to this very scam at the subject of this forfeiture action.

8

The United States even recognizes the risk of re-victimization, stating "[v]ictims of cryptocurrency confidence scams are often reluctant to respond to outreach for fear that they are being victimized once again. Indeed, in some scams, perpetrators attempt to re-victimize existing victims by posing as government authorities seeking financial payments/fees purportedly (but fraudulently) represented as necessary to secure the return of previously stolen funds." See *United States of America v. Approximately 225,364,961 USDT*, Civil Action No. 25-cv-1907, ECF No. 1, Verified Complaint, ¶ 71, n. 22. Even the United States in this Complaint for Forfeiture list victims only by initial, not by full name. *See e.g.* (ECF No. 1 ¶¶ 30-40). Revictimization of Claimants thwarts the very purpose the United States hopes to achieve in bringing this *in rem* action-- to forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of a specified unlawful activity. (ECF No. 1 ¶ 17). These Claims aim to reunite victims with their stolen funds, not put them at risk for victimization either by the same organization or different, criminal actors. Claimants assert that the Court should take the government's concerns seriously and protect their identities to ensure they are not re-victimized.

## B. Failing to Allow Claimants to Proceed Under Pseudonym Will Chill Efforts to Report Similar Fraudulent Crime by Similarly Situated Claimants, Particularly Elderly Claimants

As discussed above, meeting the "utmost intimacy" standard under *Porter* is typically a high bar. Courts have specified that more is required than simply the potential for public stigmatization to allow a party to proceed by pseudonym. *See e.g. Fedex Ground*, 2021 WL 5041286, at *5 (quoting *Ramsbottom v. Ashton*, Case No. 3:21-v-00272, 2021 WL 2651188, at *4 (M.D. Tenn. June 28, 2021)); *Metro. Gov't of Nashville & Davidson Cnty.*, 694 F. Supp. 3d at 1045 (M.D. Tenn. 2023).

Courts routinely recognize that protecting the identities of victims of crime serves the

9

powerful public interest of encouraging victims to report crimes. *Id.* Courts have called this deterrence a "potential chilling effect". *Mass. Inst. of Tech.*, 46 F.4th at 71 (quoting Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 132 Fed. Reg. 41390, 41453 (July 12, 2022)). Preventing this chilling effect on other similarly situated plaintiffs is a compelling factor granting the ability to proceed under pseudonym, avoiding the deterrence of other similarly situated people from reporting crimes against them. *Williams Bowers Mgmt. LLC*, No. 3:23-CV-00477, 2023 WL 12091154, at *6 (M.D. Tenn. Nov. 7, 2023) (quoting *Mass. Inst. of Tech.*, 46 F.4th at 71). *See, e.g. Doe v. Streck*, 522 F. Supp. 3d 332, 334 (S.D. Ohio 2021); *Doe v. Mitchell*, No. 2:20-cv-00459, 2020 WL 6882601, at *5 (S.D. Ohio Nov. 24, 2020); *NMIC Ins. Co. v. Smith*, No. 2:18-cv-533, 2018 WL 7859755, at *2 (S.D. Ohio Oct. 24, 2018) (citing *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) ("[T]he public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes"); *K.S. v. Detroit Pub. Sch.*, No. 14-12214, 2015 WL 13358204, at *3.

A significant number of the Claimants in this matter are seniors, a demographic frequently victimized by scammers. Called "Elder Fraud", Seniors are particularly targeted by criminal networks given that this demographic is more likely to be trusting while struggling to understand emerging technologies. See FBI.gov, "Elder Fraud," available at https://www.fbi.gov/how-we-can-help-you/scams-and-safety/common-frauds-and-scams/elder-fraud (last visited January 8, 2026). Seniors are less likely to report being scammed. "Seniors are often targeted because they tend to be trusting and polite. They also usually have financial savings, own a home, and have good credit—all of which make them attractive to scammers. *Additionally, seniors may be less*

10

*inclined to report fraud* because they don't know how, or they may be too ashamed at having been scammed." *Id.* (emphasis added).

In its Complaint for Forfeiture, the United States explains "[i]n this case, the FBI has identified victims with an estimated loss of at least $33.9 million related to these various fraudulent investment platforms." (ECF No. 1 ¶ 27). This figure only references *identified* victims, it does not account for or acknowledge the many other victims that may not have reported their victimization. In its reply to Claimant's Motion to Seal, Government acknowledges "the real and significant harm endured by victims of investment fraud and does not seek to diminish the seriousness of that harm." (ECF No. 12 at 13). The purpose of programs like IC3 reporting program[2] are to encourage victims to report these scams to aid the United States in prosecuting fraudulent activities like in the present case. Permitting Claimants to proceed under pseudonyms protects the Claimants in this vulnerable age group and encourages them to continue reporting fraud. Claimants assert that the Court should take the government's concerns seriously and protect Claimant's identities to prevent the "chilling effect"[3] anonymization avoids.

### C. The United States will not be Prejudiced as Claimants Voluntarily Produced to Complete, Unredacted, Verified Claim Forms.

In its response to Claimant's Motion to Seal, the United States argues that allowing Claimants to proceed under pseudonym would "unnecessarily complicate the litigation…requiring the need for careful discovery and separate analysis of each Claimant." (ECF No. 12 at 15). However, anonymizing the *public* facing information poses no discovery constraints on the United States as Claimants voluntarily produced unredacted Verified complaint forms to the Government directly.

---

[2] Federal Bureau of Investigation, Welcome to the Internet Crime Complaint Center Home Page - Internet Crime Complaint Center (IC3), https://www.ic3.gov/Home/Index (last visited Jan 8, 2026).

[3] *Mass. Inst. of Tech.*, 46 F.4th at 71

11

Under the context of *Porter*, "[c]ourts addressing prejudice have examined difficulties in conducting discovery, the reputational damage to defendants, and the fundamental fairness of proceeding anonymously, among other considerations." *Williams Bowers Mgmt. LLC*, 2023 WL 12091154, at *4 (M.D. Tenn. Nov. 7, 2023) (quoting *Rapp v. Fowler*, 537 F. Supp. 3d 521, 531 (S.D.N.Y. 2021)) (additional citations and internal quotations omitted).

In the case *Doe v. Mitchell*, the court found that privately informing defense counsel of plaintiff's identity obviated any risk of prejudice in a case where plaintiffs wished to proceed under pseudonym. *Doe v. Mitchell*, No. 2:20-CV-00459, 2020 WL 6882601 (S.D. Ohio Nov. 24, 2020), report and recommendation adopted, No. 2:20-CV-459, 2021 WL 2313436 (S.D. Ohio June 7, 2021). In *Mitchell*, the court found that since Defendants have already been provided with Plaintiffs' first and last names, Defendants would not be prejudiced if Plaintiffs proceed pseudonymously. *Id.* at *6; *See also Streck*, 522 F. Supp. 3d at 334. Instead, *Poter* suggests that limitations on the scope of discovery and for trial preparation, not anonymizing Plaintiffs' names, is what leads to prejudice. *Porter*, 370 F.3d at 561; *See also Doe v. Bowling Green State Univ.*, No. 3:22-CV-140, 2022 WL 4599247, at *15 (N.D. Ohio Sept. 30, 2022) ("Although the district court's protective order limited the scope of discovery as to other persons beyond Defendants' counsel of record, it placed no limitation on defense counsel's scope of discovery. Assuming, for the sake of argument, that the Board's characterization of the trial court's protective order is accurate, it is unclear how this would have hindered its preparation for trial.")

Here, Claimants voluntarily produced to the Government the complete, unredacted claim forms for all Schedule A claimants. Included in each claim form is the complete name, contact details, and relevant transactions connecting clients with the seized wallets. This information does not preclude the Government from accessing full discovery nor from conducting any analysis it

12

requires. Moving forward with the filed claim under pseudonym would not limit the Government's discovery scope nor its ability to prepare for any future hearing.

## IV. Conclusion

For the reasons stated above, Claimants respectfully request that the Court permit Claimants to proceed under pseudonyms in this action, permitting Claimants to file the verifications of their Claims under seal within seven days of any order by this Court authorizing such sealed filing.

Dated: January 9, 2026, Respectfully Submitted,

By: */s/ Zack Glaza*
Zack Glaza
**Glaza Law**
MI Bar No. P80036
5970 St. James Dr.
West Bloomfield, MI 48322
zack@glazalaw.com
Phone: (248) 955-3803
Facsimile: (248) 206-5923

-and-

Daniel J. Thornburgh *(Admission Forthcoming)*
FL Bar No. 0042661
**AYLSTOCK, WITKIN,
KREIS & OVERHOLTZ, PLLC**
Email: dthornburgh@awkolaw.com
17 East Main Street, Suite 200
Pensacola, FL 32502
Phone: (850) 202-1010
Facsimile: (850) 916-7449

*Attorneys for Claimants*

13

## CERTIFICATE OF SERVICE

I certify that on January 9, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all counsel of record.

By: */s/ Zack Glaza*
Zack Glaza
**Glaza Law**
MI Bar No. P80036
5970 St. James Dr.
West Bloomfield, MI 48322
zack@glazalaw.com
Phone: (248) 955-3803
Facsimile: (248) 206-5923

14