UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

     v.

VARIOUS CRYPTOCURRENCY
SEIZED FROM BINANCE USER ID
61886539 IN THE NAME OF [PERSON A],

               Defendants *in rem*,

UNNAMED INDIVIDUALS,

               Claimants.

Civil Case No. 25-cv-12945
Honorable Gershwin A. Drain
Magistrate Judge Elizabeth A. Stafford

---

## MOTION TO PROCEED UNDER PSEUDONYMS AND FILE THE VERIFIED CLAIMS UNDER SEAL[1]

---

Pursuant to Local Rule 5.3 and this Court's inherent authority, Claimants who

seek to vindicate their property interests in this proceeding respectfully move this

---

[1] A version of this Motion was filed on behalf of the Claimants in *United States v. Approximately 225,364,961 USDT*, No. 1:25-cv-01907 (D.D.C.), ECF No. 15. Apparently, that motion, including its extensive discussion of the case law governing courts in the District of Columbia Circuit, formed the basis for the Motion to Seal and Proceed Under Pseudonyms, filed in this Court on behalf of certain other claimants.  ECF No. 8.

Court for an order permitting them to proceed under pseudonyms and to permit them to file under seal their sworn claim verifications that disclose their identities.[2]

In accordance with Local Rule 7.1(a), on March 18, 2026, undersigned counsel for the Claimants conferred with Kelly Fasbinder, counsel for the Government, and explained the nature of and the legal basis for the Motion and the requested relief.  Counsel for the Claimants were unable to obtain concurrence in the relief sought.

## I.    Introduction

On February 24, 2026, the Government filed an Amended Complaint for Forfeiture against cryptocurrency seized from Binance User ID 61886539.  ECF No. 19.  The Amended Complaint alleges that the seized cryptocurrency funds are the proceeds of "an investment-fraud scam … perpetrated on victims throughout the United States."  ECF No. 19, at 10.  The Amended Complaint further states that "the FBI has identified victims with an estimated loss of at least $33.9 million."[3]  As detailed in their concurrently filed Verified Claims of Claimants, the Claimants are several victims of the fraudulent activity identified in the Amended Complaint and

---

[2]    Pending resolution of this Motion, the Claimants are identified pseudonymously in Schedule A to the concurrently filed claims opposing forfeiture.

[3]    As the Claimants request in this Motion, the Amended Complaint refers to the victims using their initials, rather than identifying them by name.  ECF No. 19, at 14-43.

whose property the Government seized and now seeks to forfeit in this proceeding. Given the sensitive and personal nature of the fraud committed against them, the Claimants respectfully request leave to proceed under pseudonyms in public filings and file their sworn claim verifications containing identifying information under seal.[4]

## II. Applicable Legal Standards

### A. Standards Governing Proceeding Under a Pseudonym.

Although parties' identities generally are public information, courts permit parties to proceed without publicly "identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In *Doe v. Porter*, the Sixth Circuit identified one of those circumstances as when a party's "privacy interests substantially outweigh the presumption of open judicial proceedings," including "whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy.'" *Id.* (quoting *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)); *see also Doe v. R.A.*, No. 2:25-cv-11247 (E.D. Mich. Dec. 9, 2025) (granting motion to proceed pseudonymously "given the particularly

---

[4] The Claimants understand that the Government may require access to their identities and request that this Court provide the Government access to their sealed verifications for their claims with the proviso that the Government not disclose the sealed verifications or the identities of the Claimants to any person other than those persons employed or retained by the Government for this matter.

sensitive nature of Plaintiffs' allegations and the significant social stigma attached to the allegations at issue"). Courts have interpreted this factor as including "potential psychological, reputational, or economic harm" to the party if the motion to proceed pseudonymously is denied. *M.O. v. Brightview LLC*, No. 1:25-cv-15, 2025 WL 307284, at *1 (S.D. Ohio Jan. 27, 2025) (citing *Poe v. Lowe*, No. 3:24-cv-368, 2024 WL 4678470, at *2 (M.D. Tenn. Nov. 1, 2024)). The Sixth Circuit also has considered whether an opposing party will be deprived of sufficient information in the litigation. *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) ("It is also relevant to consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case.").

## B. Standards Governing Filing Under Seal.

There is a "'strong presumption in favor of open judicial records,'" *Signature Mgmt. Team, LLC v. Doe*, 876 F.3d 831, 836 (6th Cir. 2017) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)); *see also Shane Group, Inc. v. Blue Cross Blue Shield of MI*, 825 F.3d 299, 305 (6th Cir. 2016). "It is uncontested, however, that the right to inspect and copy judicial records is not absolute." *Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978). Thus, the presumption may be rebutted when "'the most compelling reasons'" are present that justify non-disclosure. *Signature Mgmt. Team, LLC*, 876 F.3d at 836

4

(quoting *In re Knoxville News-Sentinel Co., Inc.,* 723 F.2d 470, 476 (6th Cir. 1983));

*see also Nixon*, 435 U.S. at 598 ("Every court has supervisory power over its own

records and files, and access has been denied where court files might have become

a vehicle for improper purposes."); *Rudd Equipment Co. v. John Deere Const. &

Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016) ("in making this determination, a

court must balance the litigants' privacy interests against the public's right of

access").  "Although this presumption of openness may be rebutted only when there

is a compelling reason not to disclose the records, the burden on the party seeking

non-disclosure is diminished where there is minimal public interest in learning the

non-disclosed information." *Signature Mgmt. Team, LLC,* 876 F.3d at 836-37.

### III.   Argument

As victims of the underlying crimes, the Claimants seek to proceed under their

initials instead of their full names, in the same anonymized manner the Amended

Complaint employs.  Claimants also seek the Court's permission to file the required

verifications for their claims under seal, as these verifications necessarily will reveal

their full names.[5]  These requests are justified given the highly sensitive and personal

nature of the crimes, the social stigma associated with being victims of such crimes,

---

[5]   Claimants believe that these verifications should be sealed in their entirety, as
redaction would remove any substantive information.  If directed by the Court,
however, Claimants will file a redacted version of these verifications.

and the reputational and other harms that victims will suffer if their identities are made public.  For the following reasons, Claimants' Motion is fully supported by the governing case law.

### A. As Crime Victims, the Claimants Are Entitled to Anonymity to Protect Sensitive and Highly Personal Matters.

As stated in their claims, the Claimants are victims of the fraudulent activity that provided the basis for the seizure and potential forfeiture of the Defendant assets here.  Congress and the courts have recognized that protecting the identities of crime victims serves the powerful public interest of encouraging victims to report crimes so that criminals can be punished.  For example, the Crime Victims' Rights Act ("CVRA") recognizes victims' right to "be treated with fairness and with respect for the victim's dignity and privacy."  18 U.S.C. § 3771(a)(8).  Courts have recognized that one aspect of the CVRA includes protecting the identities of victims unless and until disclosure becomes necessary – such as at trial or in the context of a criminal defendant's constitutional protections.  *See, e.g.*, *Varco v. Newsham*, No. 1:19-mc-00004, 2019 WL 592952, at *2 (D.D.C. Jan. 11, 2019) (permitting plaintiff to proceed pseudonymously in an action alleging that the government was not adequately protecting crime victims' personal information under the CVRA, holding that "[a]t this early stage of the litigation, the Court is persuaded that the plaintiff has met his burden of showing that his privacy interests and the privacy interests of

6

other victims outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation").

This protection for crime victims has been extended to victims that are affirmatively seeking recovery of assets stolen from them.  For example, in *United States v. Lichtenstein*, No. 23-cr-239 (D.D.C.), the defendant pled guilty to the theft of a large amount of cryptocurrency from a digital exchange and agreed to forfeit the seized cryptocurrency as part of his sentence.  When numerous victims of the theft filed petitions for the return of their stolen funds in the subsequent ancillary proceeding, the court permitted them to file under pseudonyms, recognizing that their identities and personal identifiers "involve particularly sensitive or confidential information that outweigh the presumption of public interest in that information." *United States v. Lichtenstein*, Case No. 23-cr-239 (CKK), ECF No. 278, at 6 (Mar. 10, 2025) (internal citation omitted).[6]

Such compelling considerations are present in this case.  As the Government details in the Amended Complaint, the fraudulent activity perpetrated on the Claimants is known as "pig butchering," referring to its victims and the manner by which they were duped into conveying their funds.  Amended Complaint, ECF No. 19, at 10-11.  In addition, as described in the Amended Complaint, the nature of the

---

[6]     The order in *United States v. Lichtenstein* is attached as an exhibit in support of this Motion.

crimes involved highly embarrassing facts. *Id*. at 11 (explaining use of "manipulative tactics like those used in online romance scams"). Absent the granting of the Motion, the Claimants will endure further social stigma and reputational damage by the publication of their identities and the embarrassing circumstances of the fraudulent scheme. *See, e.g.*, Luke Balcombe, *The Mental Health Impacts of Internet Scams*, 14 Int'l J. Env't Rsch. Pub. Health 938 (2025), available at https://pmc.ncbi.nlm.nih.gov/articles/PMC12192844/ (last visited Mar. 14, 2026).

The Government itself recognized the importance of protecting crime victims when it identified the victims in the Verified Complaint by pseudonyms rather than their full names. *See, e.g.,* Amended Complaint, ECF No. 19, at 14-43 (describing numerous victims by initials only). Claimants are simply seeking the same treatment here as they attempt to recover their stolen funds.

**B.      Identification of Claimants Poses a Risk of Retaliatory Physical or Mental Harm to Claimants and their Families**

If Claimants are required to proceed openly under their own identities, they likely will be subjected to intense media scrutiny of their victimization and their losses. As such, exposing Claimants' identities is likely to expose them to elevated risk of identity theft or fraud, particularly if Claimants are successful in recovering some or all of their stolen funds. *See United States v. Lichtenstein*, ECF No. 278, at

8

8-9 (recognizing that pseudonymous filing would help resolve victim's potential theft and violence concerns); *In re Genesis Global Holdco, LLC*, 652 B.R. 618, 621-25 (Bankr. S.D.N.Y. 2023) (noting that "publication of names alone has been found to heighten the risk of identity theft and other harm."). Granting the Motion will best ensure that the Claimants will not be re-victimized by scammers posing as law enforcement during this process.[7] Considering the substantial media attention to these types of cases, there are substantial risks for these victims of the underlying offenses in proceeding under their own names, and thus, this factor supports granting the Motion.

### C.   The Ages of Certain Claimants Supports the Motion

In addition, several Claimants are seniors, a demographic that scammers regularly target and victimize. As the Government has recognized, senior Americans are often targeted by criminal networks because this demographic is less likely to report being scammed based on fears of losing control over their financial affairs, fearing that revealing they were victimized will lead family members or others to take control over their finances. *See* FBI.gov, "Elder Fraud," *available at*

---

[7]   *See, e.g.*, Rob Price, *Kidnapped/or Crypto: Criminals See Flashy Crypto Owners as Easy Targets, and it has Led to a Disturbing String of Violent Robberies*, Business Insider (Feb. 9, 2022), available at https://www.businessinsider.com/crypto-nft-owners-targeted-kidnaps-home-invasions-robberies-2022-2 (last visited Mar. 14, 2026).

https://www.fbi.gov/how-we-can-help-you/scams-and-safety/common-frauds-and-scams/elder-fraud (last visited Mar. 14, 2026) ("Seniors are often targeted because they tend to be trusting and polite.  They also usually have financial savings, own a home, and have good credit—all of which make them attractive to scammers. Additionally, seniors may be less inclined to report fraud because they don't know how, or they may be too ashamed at having been scammed.  They might also be concerned that their relatives will lose confidence in their abilities to manage their own financial affairs.").   Permitting Claimants to proceed under pseudonyms protects this particularly vulnerable age group and serves the interests of justice by encouraging reporting by this group of victims.

**D.    The Claims Here Are Effectively Against the Government, Not A Private Party**

The plaintiff in this case is the United States, which further supports granting the Motion. *See A.B. v. DOJ*, No. 19-cv-598, 2019 WL 577493, at *3 (D.D.C. Mar. 7, 2019) ("[T]he sole defendant is the Department of Justice. Allowing the plaintiff to proceed under a pseudonym will have no impact on any private rights, as the only defendant is a government agency.  The plaintiff's identity, moreover, is already known to the government.").

**E.    Granting the Motion will Not Impair the Government's Ability to Respond to the Claims.**

10

The Government will suffer no prejudice by granting the Claimants' Motion to proceed under pseudonyms and file their verifications under seal. The Government will know the full identities of each Claimant based on the verifications filed under seal, which include each Claimant's full name. In addition, many of the victim Claimants filed reports with the Federal Bureau of Investigation's Internet Crime Complaint Center (IC3), and these reports are accordingly available to the Government. Where sealed or otherwise limited information is nonetheless available to the opposing party, this factor supports limiting disclosure. *See Refugee & Immigrant Ctr. for Educ. & Legal Servs. v. Noem*, No. 25-306 (RDM), 2025 WL 59395, at *4 (D.D.C. Feb. 20, 2025) (where government was already aware of litigants' identities, then "[a]llowing [plaintiffs] to proceed under pseudonym will not compromise Defendants' ability to defend this action and, therefore, poses no risk of unfairness to the opposing party."); *see also Al Otro Lado, Inc. v. Nielsen*, 2017 WL 6541446, at *6 (S.D. Cal. Dec. 20, 2017) ("Because the Defendants know the Individual Plaintiffs' names, they have the information they need to defend against their claims").

## IV.   Conclusion

The Claimants respectfully request that the Court permit them to proceed pseudonymously in this action, and permit the Claimants to file and serve on the Government the verifications of their Claims under seal within seven days of any order by this Court authorizing such sealed filing.  The Claimants further request that this Court order the Government to not disclose the sealed verifications or the Claimants' identities except to those employed or retained by the Government for this matter.

Dated: March 20, 2026                               Respectfully submitted,

By:   */s/ Richard M. Barnett*

| | |
|---|---|
| **THE CRYPTO LAWYERS PLLC**<br>Rafael Yakobi (CA Bar No. 312421)<br>11035 Lavender Hill Dr, Ste. 160-220<br>Las Vegas, NV 89135<br>Telephone: 619.317.0722<br>rafael@thecryptolawyers.com | **RICHARD M. BARNETT, APLC**<br>Richard M. Barnett (CA Bar No. 65132)<br>105 West F Street, 4th Floor<br>San Diego, California 92101<br>Telephone: 619.231.1182<br>Facsimile: 619.233.3221<br>richardmbarnett@gmail.com |
| **THE CRYPTO LAWYERS PLLC**<br>Agustin M. Barbara<br>(FL Bar No. 1002677)<br>848 Brickell Avenue, Penthouse 5<br>Miami, Florida 33131<br>Telephone: 619.317.0722<br>agustin@thecryptolawyers.com | |
| *Attorneys for Claimants Identified in Schedule A* | |

12