UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

                                Civil No. 25-cv-12945

v.                              Honorable Gershwin A. Drain

Various cryptocurrency seized from
Binance user id 61886539 in the name
of [Person A],

        Defendants *in Rem*,

 Unnamed individuals,

        Claimants.

---

**GOVERNMENT'S RESPONSE TO CLAIMANTS' MOTION TO SEAL
AND PROCEED UNDER PSEUDONYMS [ECF 21] AND BRIEF IN
SUPPORT**

---

Plaintiff, the United States of America, by and through undersigned counsel,

opposes Claimants' Motion to Seal and to Proceed Under Pseudonyms. (ECF No.

21). Claimants fail to demonstrate that their privacy interests substantially outweigh

the presumption of open judicial proceedings and fail to sustain their burden to

establish that their claims should be sealed or that a protective order is warranted.

For these reasons, and those set forth in the Government's prior opposition (ECF

1

No. 12), incorporated herein, to an earlier motion seeking similar relief (ECF No. 8), the Court should deny the present motion.

Respectfully Submitted,

JEROME F. GORGON, JR.
United States Attorney

*s/Kelly Fasbinder*
KELLY FASBINDER
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
(313) 226-9520
Kelly.fasbinder@usdoj.gov

Dated: April 3, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.

        Civil No. 25-cv-12945
        Honorable Gershwin A. Drain

Various cryptocurrency seized from
Binance user id 61886539 in the name
of [Person A],

        Defendants *in Rem*,

 Unnamed individuals,

        Claimants.

---

**BRIEF IN SUPPORT OF GOVERNMENT'S RESPONSE TO CLAIMANTS' MOTION TO SEAL AND PROCEED UNDER PSEUDONYMS [ECF 21]**

---

## I.      BACKGROUND

Plaintiff, the United States, commenced this action on September 17, 2025, with the filing of a civil forfeiture complaint against specifically identified cryptocurrency defendants *in rem*. (ECF No. 1). On December 2, 2025, unnamed individuals ("Initial Claimants") filed a claim asserting individual interests in the defendants *in rem*. (ECF No. 7). Initial Claimants filed a motion to seal seeking the Court's permission to (1) allow Initial Claimants to appear in this action pseudonymously and (2) file their individual verified claims under seal. (ECF No. 8, PageID.79). On December 30, 2025, the United States filed a response opposing Initial Claimants' motion to seal and proceed pseudonymously. (ECF No. 12). Initial Claimants provided the United States with the individual verified claims it seeks Court permission to file under seal.

On February 24, 2026, the United States filed an amended civil forfeiture complaint against the same cryptocurrency defendants *in rem*. (ECF No. 19). On March 20, 2026, new unnamed individuals ("New Claimants") filed a claim asserting individual interests in the defendants *in rem*. (ECF No. 20). New Claimants also filed a motion to seal seeking the Court's permission to: (1) allow New Claimants to appear in this action pseudonymously, (2) file each of their individual verified claims under seal, and (3) for an order prohibiting the government from disclosing the sealed verifications or New Claimants' identities except to those

4

employed or retained by the government for this matter. (ECF No. 21, PageID.298). New Claimants have not provided the United States with the individual verified claims it seeks Court permission to file under seal.

## II.        LEGAL ARGUMENT

New Claimants raise largely identical arguments to those made by Initial Claimants. The United States incorporates by reference the arguments in its prior response (ECF No. 12) and will not reargue points here that have already been addressed. Ultimately, like Initial Claimants, New Claimants have not demonstrated that their privacy interests substantially outweigh the presumption of open judicial proceedings. New Claimants also fail to sustain their burden to establish that their claims should be sealed.

In the last sentence of their motion and a footnote, New Claimants also seek to impose restrictions beyond just filing their claims under seal. They appear to seek a protective order from the Court prohibiting the United States from "disclos[ing] the sealed verifications or the Claimants' identities except to those employed or retained by the Government *for this matter*." (ECF No. 21, PageID.289 and 298) (emphasis added). However, New Claimants have failed to demonstrate good cause for a protective order, particularly one as restrictive as they seek.

5

**1. The Crime Victim Right's Act Does Not Entitle Claimants to Proceed Pseudonymously**

New Claimants invoke the Crime Victims' Rights Act ("CVRA") and contend that they are "entitled" to anonymity in this civil forfeiture action based on their status as crime victims. (ECF No. 21, PageID.292). The CVRA, 18 U.S.C. § 3771, affords certain rights to victims in criminal proceedings. To invoke those rights, however, an individual must first establish that they qualify as a "crime victim" under the statute—that is, "a person directly and proximately harmed as a result of the commission of a Federal offense." 18 U.S.C. §§ 3771(a), (e)(2)(A). Even assuming the CVRA's protections extend to civil forfeiture proceedings, it remains an open question whether any Claimant in this action suffered direct and proximate harm from the specific offenses alleged in the complaint in a manner that led to their loss of any portion of the defendants *in rem*.[1]

Moreover, even where the CVRA applies, it does not create a categorical right to proceed anonymously. It guarantees fairness and respect, not absolute secrecy. *See e.g., United States v. Gardner*, No. 16-CR-20135, 2016 WL 5404207, at *6

---

[1] The government's preliminary review of the Initial Claimants' verified claims indicates that most, if not all, lack standing. They may be victims of a crime, but they are not victims of the crime traceable to the defendants *in rem*. Unlike the Initial Claimants, New Claimants have not yet provided their individual verified claims to the United States. Upon receipt, the government will conduct a similar analysis and intends to move to strike the claim and answer of any claimant found to lack standing.

(E.D. Mich. Sept. 28, 2016) (weighing the public's right to access criminal trials against protecting the identity of a victim, finding the victim would testify using her first name and the first initial of her last name, rather than just her first name as requested.). Accordingly, New Claimants are not "entitled" to proceed pseudonymously or file their verified claims under seal on that basis.

### 2. Claimants' Asserted Victim Status Alone Does Not Satisfy the Particularized Showing Required for Pseudonymous Litigation

Like Initial Claimants, New Claimants cite *United States v. Lichtenstein*, No. 23-cr-239 (D.D.C.), seemingly to suggest a categorical rule allowing fraud victims to proceed pseudonymously. However, that decision reflects a discretionary, fact-specific determination in a criminal case and does not establish a general entitlement for civil claimants.

Courts in this circuit do not permit litigants to proceed pseudonymously based on status alone. Even in cases where courts typically permit pseudonyms, a litigant must first make a particularized showing that anonymity is warranted under the specific circumstances of the case. *See, e.g., Doe v. FedEx Ground Package System, Inc.*, No. 3:21-CV-00395, 2021 WL 5041286 (M.D. Tenn. Oct. 29, 2021) (in case involving sexual assault, the court considered declarations from both plaintiffs and allowed Doe to proceed under a pseudonym, but denied Roe's request because her declaration failed to demonstrate the type of harm necessary to proceed pseudonymously.); *Doe v. Reynoldsburg City Sch. Dist. Bd. of Educ.*, No. 2:25-CV-

7

138, 2025 WL 1312279, at *2 (S.D. Ohio May 6, 2025) (noting "courts routinely allow minors and their parents to proceed anonymously or under a pseudonym to protect the minor's identity" yet still conducting an analysis of each *Porter* factor before making a determination); *See Doe v. Alhakari*, No. 3:24-CV-00745, 2025 WL 1485337, at *1 (M.D. Tenn. Feb. 4, 2025), *quoting Doe v. Franklin Cnty.*, No. 2:13-cv-00503, 2013 WL 5311466, at *2 (S.D. Ohio Sept. 20, 2013) (although defendant did not oppose plaintiff's request to proceeds via pseudonym, "the Court finds it appropriate to analyze this issue given that 'proceeding pseudonymously is the exception, rather than the rule.' ").

Here, New Claimants seek anonymity based on their status as victims of fraud. They assert, in general terms, that because of that status, public disclosure of their identities would cause them "further social stigma and reputational damage" and expose them to an "elevated risk of identity theft or fraud." (ECF No. 21, PageID.294). Courts have consistently recognized that allegations of reputational damage alone are insufficient to justify pseudonymity. *See Doe v. The Univ. of Akron*, No. 5:15-CV-2309, 2016 WL 4520512, at *4 (N.D. Ohio Feb. 3, 2016) (finding a "desire to litigate this case pseudonymously based on generalized concerns regarding stigma and damage to reputation" does not "substantially outweigh the presumption of open judicial proceedings."). Further, New Claimants' assertions are conclusory and generalized and offer no individualized evidence that

public proceedings would cause them each personal harm, against which the court could weigh the public's interest in open judicial proceedings.

While the Government acknowledges that New Claimants also imply public disclosure of their identities poses a risk of revictimization (ECF No. 21, PageID.295), it does not concede that this risk is unique or otherwise distinguishes them from similarly situated litigants. The possibility that a Claimant's information could be misused does not alone satisfy the high standard required to overcome the strong presumption of open judicial proceedings or automatically justify resorting to complete anonymity or sealing court filings.

### 3. New Claimant's Privacy Interests Do Not Outweigh the Significant Public Interest in This Case

The public has a significant interest in cases like this that determine the disposition of forfeitable assets of substantial value. If claimant identities are anonymized, it becomes difficult to assess whether individuals have already been compensated through other civil forfeiture proceedings or related processes (a problem that is exacerbated when protective orders of the type New Claimants seek are imposed). On the other hand, traditional public disclosure enables cross-checking across cases and deters fraudulent claims by tying filings to identifiable individuals subject to scrutiny. *See Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1178 (6th Cir. 1983) ("Public access creates a critical audience and hence encourages truthful exposition of facts. . . ."). Additionally, if claims are sealed, the

substance of individuals' asserted interest is hidden making it impossible for the public to meaningfully evaluate the proceedings or understand how the Court reached the ultimate disposition of the forfeitable assets. Shielding claimants' identities and claims would obscure not only who is seeking recovery, but also upon what basis.

Returning assets to victims of crime is a top priority of the Department of Justice's Asset Forfeiture Program and one way it is accomplished is through the victim remission process, a legal mechanism designed to return forfeited assets to victims of crime. *See* 21 U.S.C. § 853(i)(1); 28 C.F.R. §9.1(b)(2); 28 C.F.R. § 9.9(c). Victims can request remission for pecuniary losses directly caused by criminal offenses, provided they meet specific criteria. Final remission decisions are made by the Money Laundering, Narcotics and Forfeiture Section (MNF) on behalf of the Attorney General, and the process is designed to ensure that victims are fairly compensated for their losses. When purported victims choose to instead/also pursue recovery by filing claims in civil forfeiture proceedings, a tension arises between the Government's interest in safeguarding victim privacy and the public's right to open judicial proceedings. In this case, however, New Claimants' asserted privacy interests are outweighed by the strong presumption of public access. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) ("the

greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.").

### 4. New Claimants Failed to Establish Good Cause For a Protective Order

On the last page of their motion and in a footnote, New Claimants request that this Court order "the Government to not disclose the sealed verifications or the Claimants' identities except to those employed or retained by the Government for this matter." (ECF No. 21, PageID.289 and 298). The United States construes this as a motion for a protective order and believes New Claimants have not established that there is good cause for such.

Under Federal Rule of Civil Procedure 26(c), "the party seeking a protective order bears the burden of persuasion." *United States v. Currency $96,770*, No. 16-CV-11185, 2016 WL 7367424, at *8 (E.D. Mich. Dec. 20, 2016), citing *Lewis v. St. Luke's Hosp. Ass'n*, 132 F.3d 33, at *4 (6th Cir. 1997); *Waelde v. Merck, Sharp & Dohme*, 94 F.R.D. 27, 28 (E.D. Mich. 1981). "The moving party must show good cause by demonstrating a particular need for protection." *Id.* (citing *Lewis*, 132 F.3d at *4). "This requires a specific demonstration of fact rather than a conclusory statement." *United States v. Currency $3,840,772.58 US Dollars Constituting 125 Int'l Wire Transfers Seized From U.S. Correspondent Bank, Citibank*, No. 21-CV-10928, 2025 WL 692353, at *6 (E.D. Mich. Feb. 28, 2025), *appeal dismissed*, No. 25-1202, 2025 WL 1556553 (6th Cir. May 1, 2025). Broad allegations of harm

11

unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. *Id*.

New Claimants have made general arguments regarding the risk they would face if their identities were made public. (ECF No. 21, PageID.291-292, 194-195). However, they make no arguments regarding what harm they would suffer if their identities were shared outside of employees "employed or retained by the Government for this matter." (ECF No. 21, PageID.289 and 298). For example, New Claimants did not assert they would suffer any harm if their identities were shared with other government employees working on similar matters where New Claimants may have also filed claims or received recovery,[2] or if their identities or other information in their claims or subsequent discovery were shared with other government employees for legitimate law enforcement purposes. Thus, New Claimants have not met their burden. *See, e.g., Currency $96,770*, 2016 WL 7367424, at *8 ("Claimants have not specified what harm they will experience in the absence of a protective order. Accordingly, Claimants have not demonstrated a particular need for protection."); *Currency $3,840,772.58*, 2025 WL 692353, at *6 (Claimant "has not explained exactly what prejudice or harm will result from the absence of a protective order beyond such conclusory statements.").

---

[2] For example, New Claimants acknowledge at least some have concurrently filed claims in a similar action. (*United States v. Approximately 225,364,961 USDT*, No. 1:25-cv-01907 (D.D.C.), ECF No. 14, pages 7-9).

## III.      CONCLUSION

Because of the significant public interest in this case, New Claimants have not shown that this is an exceptional case in which their privacy interests substantially outweigh the presumption of open judicial proceedings. *See Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004). Additionally, New Claimants did not provide a compelling reason that could justify the non-disclosure of their claims in court records or established that there is good cause for a protective order. Accordingly, New Claimants' motion to seal and to proceed using pseudonyms and for a protective order (ECF No. 21) should be denied.

Respectfully Submitted,

JEROME F. GORGON JR.
United States Attorney

*s/Kelly Fasbinder*
KELLY FASBINDER (P80109)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
(313) 226-9520
Kelly.fasbinder@usdoj.gov

Dated: April 3, 2026

## CERTIFICATE OF SERVICE

I certify that on April 3, 2026, I electronically filed the Government's response to claimants' motion to seal and brief in support with the Clerk of the Court of the Eastern District of Michigan using the ECF filing system, which will send notification to all counsel of record via email.

*s/Kelly Fasbinder*
KELLY FASBINDER (P80109)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
(313) 226-9520
Kelly.fasbinder@usdoj.gov

14