UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

VARIOUS CRYPTOCURRENCY SEIZED
FROM BINANCE USER ID 61886539 IN
THE NAME OF [PERSON A],

Defendants *in rem*,

UNNAMED INDIVIDUALS,

Claimants.

Civil Case No. 25-cv-12945
Honorable Gershwin A. Drain
Magistrate Judge Elizabeth A. Stafford

---

**REPLY TO RESPONSE TO MOTION TO PROCEED UNDER
PSEUDONYMS AND TO FILE VERIFIED CLAIMS UNDER SEAL**

---

Claimants are victims of the scams described in the Government's Amended Complaint.  ECF No. 19.  Claimants moved for permission to proceed under pseudonyms and to file under seal the sworn verifications accompanying their claims.  ECF No. 21 ("Motion").  The Government opposes that request.  ECF No. 22 ("Response").[1]  Notably, although the Amended Complaint identifies similarly situated victims only by initials, the Government opposes comparable protection for

---

[1] The Government seeks to "incorporate[] by reference the arguments" raised in its response to a motion filed by other claimants.  ECF No. 22, at 5 (referring to ECF No. 12).  To the extent that this Court permits this practice, the Motion addresses the arguments as they relate to the Claimants.

1

Claimants here.  The Response does not explain why victims identified in the pleadings should receive anonymity while victims seeking to assert claims to seized property should not.

### I.      The Claimants' Compelling Interests Justify Anonymity.

The Motion sets forth several reasons why Claimants, as crime victims, should be permitted to proceed under pseudonyms and to file their sworn verifications under seal.  ECF No. 21, at 7-8.  These include encouraging other victims to report crimes; protecting their rights under the Crime Victims' Rights Act, which requires victims to "be treated with fairness and with respect for the victim's dignity and privacy," 18 U.S.C. § 3771(a)(8); preventing the retraumatizing and further victimization of the Claimants; and protecting the Claimants from exposure of the highly embarrassing facts underlying the crimes perpetrated against them.  ECF No. 21, at 7-10.  These unique circumstances are sufficient to justify the Claimants' requests. *See, e.g.*, *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("fictitious names are allowed when necessary to protect the privacy of ... rape victims, and other particularly vulnerable parties or witnesses"); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (in holding that plaintiffs may proceed anonymously, court considered whether a party faces threats of violence or physical harm by proceeding in their own names, a party's age and related vulnerability, and any prejudicial impact on the defending parties); *Doe by & through Doe v. St.*

*Edward High Sch*., No. 22-CV-440, 2022 WL 2717018, at \*4 (N.D. Ohio July 13, 2022) (recognizing that the party may "proceed under a pseudonym to mitigate the additional trauma of having his name and assault committed to the public record"). Moreover, courts have recognized that protecting the victims' identities serves the public interest of encouraging victims to report crimes. *See, e.g., Doe v. Mass. Inst. of Tech*., 46 F.4th 61, 71 (1st Cir. 2022).

In its Response, the Government argues that it remains "an open question whether any Claimant in this action suffered direct and proximate harm from the specific offenses alleged in the complaint" and mischaracterizes the Motion as asserting a "categorical right to proceed anonymously." ECF No. 22, at 6. Neither point justifies denial of the limited relief requested here.

First, the Claimants have already alleged and will prove that they were victimized in the manner identified in the Amended Complaint, sustained substantial financial losses as a result of the criminal activity, and are entitled to recover their funds that ultimately were seized by the Government. *See* ECF No. 20. The Government's claim that this is an "open question" is irrelevant at this juncture as the sole question presented by the Motion is whether their identities must be revealed to the public in order to do so.

Second, the Claimants have never asserted they have a "categorical right" to proceed anonymously, but rather the specific circumstances of this case and their

3

victimization warrant permitting them to do so.  The Claimants seek similar protection to that which was employed in *United States v. Gardner*, No. 16-CR-20135, 2016 WL 540407 (E.D. Mich. Sept. 28, 2016), which the Government cites in the Response.  ECF No. 22, at 6-7.  In *Gardner*, a criminal proceeding implicating the defendant's constitutional rights, this Court permitted the victim to testify using her first name and the first initial of her last name.  2016 WL 540407 at *6 (recognizing that anonymity protects any "legitimate and substantial adverse personal, professional and psychological consequences to her"); *see also United States v. Anderson*, 563 F. Supp. 3d 691, 697 (E.D. Mich. 2021) (granting Government's motion to protect the identity of the victim).

Finally, the Government asserts that "Courts have consistently recognized that allegations of reputational damage alone are insufficient to justify pseudonymity." Response, ECF No. 22, at 8.  Apart from citing only one case that limited its analysis to the specific facts and did not support the Government's sweeping proposition, the Response fails to acknowledge that "reputational damage" was only one of many case-specific factors supporting the Motion.[2]

---

[2]  To the extent that the Court requires more detailed information concerning each Claimant's victimization and legitimate fears, the Claimants are prepared to provide those details under seal.

4

## II.     The Claimants' Interests Substantially Outweigh the Public's Interest in Learning Their Identities.

The Government presents theoretical arguments as to why identifying the Claimants is in the public interest.  ECF No. 22, at 9-11.  These include identifying whether the Claimants "have already been compensated through other civil forfeiture proceedings or related processes" and permitting "the public to meaningfully evaluate the proceedings or understand how the Court reached the ultimate disposition of the forfeitable assets."  *Id*. at 9-10.  Neither concern presents a valid reason for denying the Motion.

With respect to detecting fraudulent or duplicative claims, the Government will know the identity of the Claimants and will be able to prevent such occurrences. Other than asserting that publishing the Claimants' identity will perform this function, the Government provides no explanation why or how the "public" would be able or willing to conduct wide-ranging investigations of claims presented in other cases.[3]  Nor does the Government explain why it is permitted to preclude the

---

[3] The Government's citation to *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165 (6th Cir. 1983), does not support its theoretical "deterrence" proposition. Rather than addressing a limited request to redact parties' identities, the court resolved whether the district court acted properly when it "placed a seal on all of the documents filed by the FTC without discussion."  *Id*. at 1177.  Moreover, the quote in the parenthetical must be understood in context.  ECF No. 22, at 9.  The quote appears in the discussion of *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980), in which the Supreme Court addressed a trial court that closed the courtroom and excluded the public from the criminal proceedings.  710 F.2d at 1178.  These are far different circumstances than presented by Claimants' limited requests.

5

public from learning the identity and circumstances of the losses when a person proceeds through the non-public victim remission process or from evaluating the Government's assertions in this matter, given its use of anonymity in the Complaint.

The second proffered public interest fares no better.  The Claimants are not seeking to exclude the public from the facts surrounding their losses or the bases for their claims on the seized property, only their identities.  As for this Court's "ultimate disposition of the forfeitable assets," *id*. at 10, the Claimants are confident that this Court's orders will fully explain the bases for its decisions.

Although the parties cite many cases addressing requests to proceed using pseudonyms in a wide variety of contexts, the only case involving claimants seeking recovery of their stolen assets is *United States v. Lichtenstein*, No. 23-cr-239 (D.D.C.).  In *Lichtenstein*, the court permitted the victims to proceed under pseudonyms while seeking the return of their stolen cryptocurrency.  Order, at 6, attached to the Motion, ECF No. 21-1.  In doing so, the court discussed the various factors that other courts have examined, weighed the privacy interests of the claimants against the public's interests, and the need for "transparency" and fashioned the precise remedy sought by the Claimants here, ordering the identity of the claimants to be redacted from the public record.  *Id*. at 6-10.

## III.   Granting the Motion will Not Impair the Government's Ability to Evaluate the Claims.

The Government asserts that it is necessary to share the Claimants' identities with other Department of Justice personnel or persons acting on their behalf "for legitimate law enforcement purposes." ECF No. 22, at 12.  The Claimants are amenable to modifying the order to permit disclosures for those limited purposes.

## IV.   Conclusion

The Government recognized the importance of protecting crime victims when it declined to identify them by their full names.  ECF No. 19, at 14-43.  Claimants simply seek the same treatment as they attempt to recover their stolen funds.

Dated: April 10, 2026                     Respectfully submitted,

By:   */s/ Richard M. Barnett*

**RICHARD M. BARNETT, APLC**
Richard M. Barnett (CA Bar No. 65132)
105 West F Street, 4th Floor
San Diego, California 92101
Telephone: 619.231.1182
Facsimile: 619.233.3221
richardmbarnett@gmail.com

**THE CRYPTO LAWYERS PLLC**
Rafael Yakobi (CA Bar No. 312421)
11035 Lavender Hill Dr, Ste. 160-220
Las Vegas, NV 89135
Telephone: 619.317.0722
rafael@thecryptolawyers.com

**THE CRYPTO LAWYERS PLLC**
Agustin M. Barbara (FL Bar No. 1002677)
848 Brickell Avenue, Penthouse 5
Miami, Florida 33131
Telephone: 619.317.0722
agustin@thecryptolawyers.com

*Attorneys for Claimants Identified in Schedule A*